# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LOWELL N. PAYNE, JR.,

:

    Petitioner,                                  Case No. 3:11-cv-189

:         District Judge Thomas M. Rose
  -vs-                                      Magistrate Judge Michael R. Merz

ROBIN KNAB,

:

    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       This case is before the Court for initial review upon filing.

       Mr. Payne styles his initial pleading as an "Application for an Alternative Writ of Habeas Corpus and a Rule Nisi Order Pursuant to 28 U.S.C. § 1651(a)(b) for Its Lawful Determination."

       Petitioner asserts he is not in the lawful custody of the State of Ohio or any of its lawful agents.  He says 28 U.S.C. § 2254 is not applicable because he is not in custody pursuant to the judgment of a state court, "but rather a county court." He refers this Court to Case Nos. 1988 CR 960 on the docket of the Montgomery County Common Pleas Court as to which he claims no substantive law was invoked.

       In order to obtain relief by way of a writ of habeas corpus, a person must be in custody. *Maleng v. Cook*, 490 U.S. 488 (1989).  Petitioner claims he is not in lawful custody or even "in state custody as a matter of law and fact."  But then he asks the Court to issue an order to Respondent, the Warden of the Chillicothe Ohio Correctional Institution, to show cause why he is detained.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 91976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Petitioner leaves the Court in a dilemma. The jurisdiction of federal courts to consider petitions for writs of habeas corpus is created by 28 U.S.C. § 2241. When a person is in custody pursuant to a judgment of a state court, a federal district court's ability to consider the writ is further limited by 28 U.S.C. § 2254. Although Petitioner claims not to be in custody under a state court judgment, he seeks a writ of habeas corpus directed to the person who has custody of those at the Chillicothe Correctional Institution. 28 U.S.C. § 1651, the All Writs Act, does not confer any jurisdiction on district courts, much less jurisdiction to inquire into the reasons for confinement of

-2-

a person by a warden of a state correctional facility. If Petitioner is incarcerated under judgment of an Ohio county court as he claims, 28 U.S.C. § 2254 would still apply to his case, but Petitioner disclaims any reliance on § 2254.

## Conclusion

Because Petitioner has not met his burden to show that this Court has jurisdiction to grant the relief he requests, his Application should be dismissed without prejudice for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

The Magistrate Judge also notes that Petitioner has had three prior habeas corpus cases under 28 U.S.C. § 2254 (3:94-cv-477, 3:98-cv-223, and 3:97-cv-484). If those cases challenged the same final judgment as is challenged here, Petitioner cannot proceed under § 2254 without prior permission of the Court of Appeals.

June 3, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).