# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LOWELL N. PAYNE, JR.,

    Petitioner,

    -vs-

ROBIN KNAB,

    Respondent.

:

:

:

Case No. 3:11-cv-189

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This case is before the Court on Petitioner's Objections (Doc. No. 3) to the Magistrate Judge's Report and Recommendations recommending the Petition in this matter be dismissed without prejudice for lack of subject matter jurisdiction (Doc. No. 2).  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

    The Objections fault the Magistrate Judge for not beginning the Report by considering his own jurisdiction.  To supply that defect, the Magistrate Judge notes that 28 U.S.C. § 636(b)(1)(B) permits a district court to refer permits district courts to refer to magistrate judges "applications for posttrial relief made by individuals convicted of criminal offenses."  This Court has done so by adopting a General Order of Assignment and Reference which refers to the Magistrate Judges at Dayton, *inter alia*, "all cases filed by persons proceeding *pro se*" and "all cases collaterally attacking a criminal judgment."  This case is properly considered by a magistrate judge under both of these

provisions.

Petitioner objects that a magistrate judge is without authority "to make any ORDER in this type of matter." The Report is not an order, but a recommendation to District Judge Rose that he should enter an order.

Mr. Payne is very clear that he is not bringing this action under 28 U.S.C. § 2254,[1] but rather under 28 U.S.C. § 1651 or Fed. R. Civ. P. 60(b)(4) or (6). Federal courts have authority under Rule 60 only over their own judgments, not the judgments of other courts. Petitioner asserts § 1651 "is for when no 'case' is had and § 1651 is an Act of Congress. Allowing for discretionary jurisdiction of this Court." (Objection, PageID 10.) But § 1651 does not confer jurisdiction to review and correct a state court judgment, although federal courts can, in habeas corpus proceedings, determine the constitutional validity of any restraint imposed pursuant to a state court judgment. *Middlebrooks v. Thirteenth Judicial Dist. Court, Union County, El Dorado, Ark.*, 323 F.2d 485 (8th Cir. 1963). Furthermore, § 1651 does not confer jurisdiction against either a state court or a sheriff based on the theory that prior state court judgments were erroneous since § 1651 may only be invoked by a district court in aid of jurisdiction it already has. *Stafford v. Superior Court of Cal. in and for Los Angeles County*, 272 F.2d 407 (9th Cir. 1959).

Petitioner claims he is only seeking "conformation [sic] of his legal status. as he cannot get it pursuant to state law. O.R.C. § 149.43(b)(4), Public Records Law." If Petitioner merely seeks to see the documents filed in court in his criminal case, no reference to the Public Records Act is necessary; unless they have been ordered sealed, filings in Common Pleas cases are available to the

---

[1] Indeed, he cannot proceed under § 2254 without permission of the Sixth Circuit because he has three prior cases under § 2254.

public for examination and copies are available on payment of the Clerk's copying fee. If, however, Petitioner is seeking an authoritative determination by a court of law on the meaning or legal effect of those documents, he must bring that case to a court which has jurisdiction to render such a determination.

Petitioner concludes that "The All Writs Act does confer discretionary jurisdiction to inquire into any and all forms of illegal detention. As you do not have to be a state prisoner or have the State as a party." (Objections, PageID 11.) Not so. If a girlfriend keeps her boyfriend locked in the basement and they both are residents of Ohio, that is no business of the federal courts. Of course if a woman acting under color of state law keeps a man locked up in violation of the United States Constitution, that is the business of the federal courts, but only in a habeas corpus case.

It is therefore again respectfully recommended that the Petition herein be dismissed without prejudice for lack of subject matter jurisdiction.

June 20, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).